# United States Court of Appeals
# For the First Circuit

No. 23-1618

ROBERT ARIAS,

Plaintiff - Appellant,

v.

NOAH A. HERZON; JUAN INFANTE; TY KURCHARSKI;
CHRISTOPHER DAY; ADALBERTO GARCIA; MICHAEL BERNARD,

Defendants - Appellees,

US GOVERNMENT; US DRUG ENFORCEMENT ADMINISTRATION,

Defendants.

**Appeal from United States District Court for the
District of New Hampshire**

## REPLY BRIEF OF PLAINTIFF - APPELLANT,
## ROBERT ARIAS

Jeremy D. Eggleton, Esq.
NH Bar #18170
Orr & Reno, P.A.
45 S. Main Street, Suite 400
P.O. Box 3550
Concord, NH  03302-3550
Phone:  (603) 224-2381
Fax:  (603) 224-2318
jeggleton@orr-reno.com

To be argued by:
Jeremy D. Eggleton, Esq.

# TABLE OF CONTENTS

Table of Authorities.................................................................. 4

Argument............................................................................. 6

I.     The Appellant, Mr. Arias' case is not an extension
of Bivens, but a replay of the same facts and
principles of constitutional criminal law that
decided the *Bivens* case....................................................... 6

II.    The district court erred factually and procedurally
when it moved on to the "special factors" prong
of the *Abbasi* analysis without stopping, as this
Court has directed, if the facts are not
meaningfully distinguishable from *Bivens*......................... 8

III.   A majority of the Supreme Court has affirmed
that *Bivens* remains a fixed principle of law in
the United States ............................................................. 12

IV.   The Federal Tort Claims Act is not an adequate
or meaningful replacement for a Bivens claim ............... 13

V.     Cases involving the extension of *Bivens* to a
new class of defendants and new factual
circumstances do not support the Appellees'
argument in a case with facts that so closely
mirror those of the original *Bivens* case.......................... 14

VI.   The district court's decision to consider the
existence of a federal internal grievance
procedure to be a meaningful distinction
from Bivens, if upheld, would eviscerate
*Bivens* completely ........................................................... 16

VII.  The district court's decision is not sustainable
      on alternative grounds ...................................................... 20

Conclusion and Request for Relief .................................................... 23

Signature ....................................................................................... 23

Federal Rule of Appellate Procedure 32
Certificates of Compliance ............................................................. 23

Certificate of Service ..................................................................... 24

# TABLE OF AUTHORITIES

**Cases**        *Page*

*Aaron v. City of Lowell,* No. 20-cv-11604-ADB, Slip Op. at \*16, (D. Mass, March 31, 2023) .................................................. 9

*Barry v. Anderson et al,* No. 22-3098, Slip Op. at \*4 (3rd Cir., Dec. 2023) .............................................................. 15

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) ........................................................ *passim*

*Bueno Diaz v. Mercurio,* 442 F.Supp.3d 701 (S.D.N.Y. 2020) ............................................................ 17

*Cain v. Rinehart,* No. 22-1893, Slip Op. at \*3 (6th Cir. July 25, 2023) .............................................................. 20

*Carlson v. Green,* 446 U.S. 14 (1980) ................................... 13-14, 21

*Davis v. Greer,* No. 21-C-995, Slip Op. at \*2 (N.D. Ill. July 6, 2022) .............................................................. 13-14, 21

*Egbert v. Boule,* 596 U.S. 482 (2022) ...................... 6, 8-11, 14, 16, 18

*Hernandez v. Mesa,* 140 S.Ct. 735 (2020) ............................... 12, 16

*Hicks v. Ferreyra,* 64 F.4th 156 (4th Cir. 2023) ...................... 7, 12, 15

*Logsdon v. U.S. Marshal Serv.,* No. 23-7008, Slip Op. at \*6 (10th Cir. Feb. 5, 2024) ......................................... 15

*Muniz v. U.S.,* Civ. No. 22-0816, Slip Op. at \*5 (D.N.J. Dec. 7, 2023) .............................................................. 15

## Cases (Cont'd)       *Page*

*Quinones-Pimental v. Cannon*, 85 F.4th 63
(1st Cir. 2023) ........................................................................ 8-9, 11, 21

*Snowden v. Henning*, 72 F.4th 237
(7th Cir. 2023) ..................................................................................... 14

*United States v. Stanley*, 107 S. Ct. 3054 (1987) .......................... 14-15

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) ...................................... *passim*

# ARGUMENT

I.   The Appellant, Mr. Arias' case is not an extension of Bivens, but a replay of the same facts and principles of constitutional criminal law that decided the *Bivens* case.

The Appellees' pertinacious focus on explaining why *Bivens* should not be extended to a new context tellingly ignores the actual error in the district court's order: the facts of this case are indistinguishable from *Bivens* itself.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Throughout their brief, the Appellees reference case law questioning whether to "*allow* an implied cause of action under the Constitution." Brief for Appellee at 10 (emphasis added) (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)); *see, e.g., id.* at 13 (citing *Egbert v. Boule*, 596 U.S. 482 (2022)), 15 (citing district court order concluding that, in the United States' words, "presence of a remedial measure was a special factor that prohibited the extension of an implied cause of action.").  But there should be no cause to examine whether a new, or extended, cause of action should be "allowed" because the facts of this case readily fall within the parameter of an existing, well-recognized cause of action in *Bivens*.

As the district court rightly observed:

> Bivens and Arias's claims share many of the same background facts: an arrest made by federal narcotics agents investigating a violation of federal drug laws that would have been routine but for the alleged constitutional violations. Whether the officers had a warrant for Arias's arrest is not a meaningful difference from Bivens. As discussed, Bivens involved two allegedly unlawful actions: a warrantless search and seizure and an arrest executed with excessive force, and it recognized the availability of damages for both violations. The arresting officers' possession of a warrant in this case is a difference from Bivens, but not one with meaning. Likewise, the court does not find persuasive defendants' argument that this case is meaningfully different from Bivens because Bivens involved an arrest in the plaintiff's home while this case involves an arrest in a parking lot. These differences are illusory rather than meaningful. Furthermore, the category of defendants is effectively the same here as in Bivens. In 1973, the functions of the Federal Bureau of Narcotics (the agency at issue in Bivens) were transferred to the DEA—the agency the defendants work for in this case.

Order at 10-11. Like in *Snowdon v. Henning*, 72 F.4th 237 (7th Cir. 2023) and *Hicks v. Ferreyra*, 64 F.4th 156 (2023), "the present case involves not an extension of *Bivens* so much as a replay of the same principles of constitutional criminal law prohibiting [the use of excessive force in effecting an arrest.]" *Id.* For these reasons, the Appellees' relentless focus on case law and precedent governing the extension of *Bivens* into new contexts is inapposite.

II.  <u>The district court erred factually and procedurally when it moved on to the "special factors" prong of the *Abbasi* analysis without stopping, as this Court has directed, if the facts are not meaningfully distinguishable from *Bivens*.</u>

The Appellees also wrongly suggest that Mr. Arias did not "challenge the procedural manner in which the court reached its result." *See* Brief for Appellees at 15. This is false.  As noted above, and in his opening Brief, Mr. Arias argued that the trial court erred because it treated the facts of this case as distinguishable from *Bivens* based on a special factor that only comes into the analysis when the question is whether to extend *Bivens* into a context different from its three recognized contexts.  Brief of Appellant at 22.  Factually, if the case is no different from the *Bivens* context, then there is no need to determine whether an administrative remedial program, such as existed in *Egbert*, made extending *Bivens* to the new factual context unnecessary. *Quinones-Pimentel v. Cannon*, 85 F.4th 63, 70 (2023) ("If the case presents no meaningful differences (and thus no new context), the analysis ends there and relief under *Bivens* is available.").  Put differently, if there is no need to extend *Bivens* because the context is

not a new one, then the existence of a remedial program or any other special factor is not relevant.

But the Appellees are also wrong that Mr. Arias did not argue the procedural error of the district court. As Mr. Arias noted at page 22 of his Brief:

> The district court proceeded to "step two" of the process of vetting whether it would be appropriate to extend *Bivens* to a "new context" despite the fact that there was nothing new about the facts of the case that would meaningfully distinguish them from those of *Bivens*. *See* Order at 7-8. In applying *Egbert*'s reduction of the "two-step framework" to one question, the district court failed to give due deference to the undisturbed law of *Bivens*.

Brief of Appellant at 16. Thus, Mr. Arias expressly argued exactly what the Appellees suggested he did not. Brief of Appellee at 15, n. 3 (citing district court order at 13)("[A] court need not consider an alternative remedial structure unless it reaches the second step of the Abbasi framework.") (interpreting *Aaron v. City of Lowell*, No. 20-cv-11604-ADB, Slip Op. at *16, (D. Mass, March 31, 2023)). By considering the existence of an alternative remedial structure to be a fact distinguishing the facts of this case from *Bivens*, the district court has departed from the Supreme Court's sequential two-part test in *Abbasi* and applied by this Court in *Quinones-Pimentel*.

In addition, the Appellee was wrong to suggest that *Egbert* "winnowed" the two-part *Abbasi* test to a single question. The *Egbert* Court stated:

> The analysis of a proposed *Bivens* claim proceeds in two steps: A court asks first whether the case presents "a new *Bivens* context"—*i.e.,* is it "meaningfully different from the three cases in which the Court has implied a damages action," *Ziglar*, 137 S.Ct., at 1855, and, second, even if so, do "special factors" indicate that the Judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." This two-step inquiry often resolves to a single question: whether there is any reason to think Congress might be better equipped *to create a damages remedy.*"

596 U.S. at 483 (emphasis added) (some citations removed for clarity). This statement does *not* do away with the first prong—it only presumes the first prong has not been met. But where, as here, there already exists a *Bivens* remedy for the factual circumstances that arose in the case, then there was no need to consider whether it was wise "to create a damages remedy." *Id.*

It follows that the district court erred in proceeding to inquire about special factors, alternative remedial structures, or whether it would be preferrable for Congress to fashion a remedy rather than the courts. Those factors are not considerations appropriate for evaluating

whether a given factual circumstance differs from *Bivens*. They are special factors to take into account when determining whether *Bivens* should be extended *to a new factual context*. *See Quinones-Pimentel*, 85 F.4th at 70 (affirming that "special factors" apply only to the second prong of the *Abbasi* framework) ("If, however, the court decides that the case does present a new *Bivens* context, its next and final question is whether there are any "special factors" counseling against extending *Bivens*… The absence of any special factors means *Bivens* relief is available, while the presence of special factors means such relief is unavailable."). By considering special factors as part of the "meaningful difference" analysis, the Appellees and the district court put the cart before the horse.

For these reasons, the district court's error was not merely a false distinction between the facts of *Bivens* and these facts. The district court departed from *Abbasi* and *Egbert* when it merged the special factors test into the analysis into whether the facts of the case present "a new context different from the three cases in which the Court has implied a damages action to proceed." 596 U.S. at 483; *see Quinones-Pimentel*, 85 F.4 at 70 ("If the case presents no meaningful differences

(and thus no new context), the analysis ends there and relief under *Bivens* is available.") (*citing Hicks v. Ferreyra*, 64 F.4th at 166).

III.  A majority of the Supreme Court has affirmed that *Bivens* remains a fixed principle of law in the United States.

It is true that a minority of justices of the Supreme Court have not merely cast doubt on *Bivens* and discouraged its extension into new areas. Brief of Appellee at 26-27, n. 7. Justices Gorsuch and Thomas believe that *Bivens* should be discarded altogether. *Id.* (quoting their concurrence in *Hernandez v. Mesa*, 140 S.Ct. 735, 753 (2020)). Yet until a majority of the Supreme Court agrees with them, *Bivens* remains good law, as the Court reminded everyone in *Abbasi*:

> [T]his opinion is not intended to cast doubt on the continued force, or even the necessity, of *Bivens* in the search-and-seizure context in which it arose. *Bivens* does vindicate the Constitution by allowing some redress for injuries, and it provides instruction and guidance to federal law enforcement officers going forward. The settled law of *Bivens* in this common and recurrent sphere of law enforcement, and the undoubted reliance upon it as a fixed principle in the law, are powerful reasons to retain it in that sphere.

*Abbasi*, 137 S. Ct. at 1856–57.

IV. <u>The Federal Tort Claims Act is not an adequate or meaningful replacement for a Bivens claim.</u>

The Appellees' reliance on *Davis v. Greer*, No. 21-C-995, Slip Op. at \*2 (N.D. Ill. July 6, 2022) for the proposition that Mr. Arias could have pursued a Federal Tort Claim Act claim is misplaced. As argued in Mr. Arias' Brief, *Carlson v. Green*, 446 U.S. 14, 19 (1980) affirms that the FTCA is no replacement for a damages claim under *Bivens*. Congress intended for FTCA claims and *Bivens* claims to be "parallel, compensatory causes of action." *Id.* at 19-20. *Davis* does not and cannot disturb the Supreme Court's holding in *Carlson*.

In addition, *Davis* is another extension case, in which the district court was considering whether to *extend Bivens* to a new factual context. Specifically, an already-detained prisoner in pre-trial confinement alleged that his overseeing corrections officer used excessive force against him. *Davis*, Slip Op. at \*1. *Davis* was not a search-and-seizure case involving an excessive force claim against a U.S. Drug Enforcement Agent, as *Bivens* and Mr. Arias' cases were. It may have been proper in *Davis'* new factual context to consider the existence of the FTCA as an alternative. It would not be in a traditional *Bivens* claim.

Moreover, the appeals court for the Northern District of Illinois,

the 7th Circuit, writing a year after *Davis* in *Snowdon*, 72 F.4th at 246,

n. 4, reaffirmed that, in an unvarnished *Bivens* claim, *Carlson*

remained the law of the land. *Id.* at 246, n. 4:

> [Defendant] discusses other factors only when he addresses
> the second step of the *Bivens* analysis, but the factors he
> identifies also do not suggest that Snowden's claim arises in
> a new context. He points to the availability of a remedy
> under the FTCA. However, the statute does not displace a
> *Bivens* claim in the narrow cases where it is available. In
> *Carlson,* the Court concluded that "victims of the kind of
> intentional wrongdoing alleged in this complaint shall have
> an action under FTCA against the United States *as well as* a
> *Bivens* action against the individual officials alleged to have
> infringed their constitutional rights.")

*Id.* (quoting *Carlson v. Green*, 446 U.S. at 20)).

> V.   Cases involving the extension of *Bivens* to a new class of
>      defendants and new factual circumstances do not support
>      the Appellees' argument in a case with facts that so closely
>      mirror those of the original *Bivens* case.

The Appellees' reliance on *United States v. Stanley*, 107 S. Ct.

3054 (1987) is misplaced because Stanley sought to extend *Bivens* to a

new class of defendants. *Stanley* involved whether a former serviceman

had a *Bivens* cause of action against army personnel due to LSD

experimentation visited upon him years earlier. *Id.* at 3057. Like

*Egbert* and *Davis*, and unlike Mr. Arias' case, *Stanley* did not involve a

14

line law enforcement officer in the traditional *Bivens* context. *Compare Snowdon*, 72 F.4th at 246; *Hicks*, 64 F.4th at 166. *Stanley* was a request to extend *Bivens* into a new domain. *See* 107 S. Ct. at 3057.

The same must be said of the trio of cases included by the Appellees at page 30, n. 9 of their Brief: *Barry v. Anderson* et al, No. 22-3098, Slip Op. at 4 (3rd Cir., Dec. 2023) (no extension of *Bivens* in warrantless seizure claim because defendants were Immigration & Customs Enforcement ("ICE") agents); *Logsdon v. U.S. Marshal Serv.*, No. 23-7008, Slip Op. at *6 (10th Cir. Feb. 5, 2024) (no extension of *Bivens* in excessive force with warrant claim because defendants were U.S. Marshals); *Muniz v. U.S.*, Civ. No. 22-0816, Slip Op. at *5 (D.N.J. Dec. 7, 2023) (no extension of *Bivens* prisoner medical treatment case because the allegations did not involve a failure to intervene in a life-threatening medical emergency, but rather a negligence-type claim for poor management of the claimant's diabetes). Accordingly, these cases are inapposite.

VI. <u>The district court's decision to consider the existence of a federal internal grievance procedure to be a meaningful distinction from Bivens, if upheld, would eviscerate *Bivens* completely</u>.

The Appellees' arguments, and the authorities they have selectively offered in support, all obfuscate the fundamental problem with the trial court's order. The Appellees have identified no prior case in which a court has used a "special factor" that might bar the extension of *Bivens* to a new context to strip an otherwise valid *Bivens* claimant of his rights. *Egbert* certainly was not that case. In *Egbert*, the Supreme Court held that the facts were "meaningfully different" from *Bivens* because the claim was alleged against a Border Patrol officer—a context even the 9th Circuit agreed was a different context from the original *Bivens* facts. *See* 142 S. Ct. at 1804 (citing *Hernandez*, 140 S.Ct. at 753 (ICE officer killing Mexican child in Mexico constituted a new *Bivens* context due to border-related national security concerns)), 1805 ("[A] *Bivens* cause of action may not lie where, as here, national security is at issue."). After finding that the circumstances were meaningfully different from *Bivens*, the *Egbert* Court concluded that the presence of an alternative remedial scheme, in the form of an administrative

grievance procedure, constituted a "special factor" that barred extending *Bivens* to the new category of cases. *Id.* at 1806-07.

By contrast, in this case, the district court correctly and completely identified the myriad ways in which Mr. Arias' case presented the same facts as *Bivens*. Order at 10-11; *see* I, *supra*. The district went on to explain why the few factual differences were not meaningful distinctions. *Id.* Specifically, the district court noted that *Bivens* provided relief to the complainant on two separate and fully independent grounds—a warrantless arrest and excessive force. Order at 10-11 (*citing Bueno Diaz v. Mercurio*, 442 F.Supp.3d 701, 708 (S.D.N.Y. 2020) (arrest with warrant did not distinguish case from *Bivens*), *Abbasi*, 582 U.S. at 149 (trivial differences do not distinguish *Bivens*) (internal citations and quotations omitted)); *see*, also, *Snowdon* 72 F. 4th at 247 (warrant/no warrant and public place/private home location of arrest differences in facts were not meaningfully different from *Bivens*). Therefore, the fact that the agents in Mr. Arias' case had a valid warrant was not a meaningful distinction.

The district court's error was to import the existence of an "alternative remedial scheme" from the "special factors" analysis into

the meaningful comparison of the facts. For a difference to be "meaningful" under *Abbasi* and *Egbert*, it must implicate "the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider." *Abbasi*, 137 S. Ct. at 1860.

Here, the rank of the officers was the same as in *Bivens*—both sets of officer defendants were line drug enforcement officers operating under the same statutory or legal mandate to control and interdict illegal drugs. Both cases involved the fourth amendment right against the use of excessive force during an arrest. In both cases there was an extensive and well-developed body of case law concerning excessive force, what constitutes it, and how officers can avoid it. There is no more risk of a disruptive intrusion by the Judiciary into the function of other branches than was occasioned by *Bivens* itself.

The only "special factor" that previous *Bivens* cases did not consider was the existence of an "alternative remedial scheme," which is a factor for consideration in whether to *extend Bivens*, not to apply it in its traditional context. However, if the existence of a generic internal grievance procedure available to all federal law enforcement agencies under the Inspector General Act is a sufficient "special factor" to constitute a meaningful difference from *Bivens*, then the Supreme Court's clear and unambiguous validation of *Bivens* in the *Abbasi* case is meaningless.

In *Abbasi,* the Supreme Court recognized that "individual instances of discrimination or law enforcement overreach… due to their very nature are difficult to address except by way of [*Bivens*] damages actions after the fact." 137 S. Ct. at 1862. Therefore, wrote the court, *Abbasi* "is not intended to cast doubt on the continued force, or even the necessity, of Bivens in the search-and-seizure context in which it arose… The settled law of Bivens in this common and recurrent sphere of law enforcement, and the undoubted reliance upon it as a fixed principle in the law, are powerful reasons to retain it in that sphere." By finding a factual distinction from Bivens that is virtually universal

for any federal law enforcement agency, the district court decision ran afoul of the Supreme Court's careful preservation of *Bivens* in the *Abbasi* case.

VII. <u>The district court's decision is not sustainable on alternative grounds</u>.

The Appellees also urge this Court to affirm the district court's decision on alternative grounds, arguing that the existence of (a) a warrant in this case and not in Bivens, (b) a different arrest location (a parking lot as opposed to a private residence in Bivens), and (c) a second claim for failure-to-intervene each, or all together, constituted a "meaningful difference" from *Bivens*. Brief of Appellees at 31-35.

As to the existence of a warrant, this is a red herring. Mr. Arias does not dispute that some circuits, *see Cain v. Rinehart*, No. 22-1893, Slip Op. at *3 (6th Cir. July 25, 2023) have identified the existence of a warrant as a meaningful difference from *Bivens*. However, other circuits have not. *See Snowdon*, 72 F. 4th at 247. More importantly, the claim in this case was one of excessive force. Both the district court in this case and the Seventh Circuit in *Snowdon* observed that the original *Bivens* case identified at least two separate and equally valid violations of the Fourth Amendment, each justifying a cause of action

for damages: the warrantless arrest *and* the fact that "unreasonable force was employed in making the arrest." *Bivens*, 403 U.S. at 389. Thus, "warrant or no warrant—the claims here and in *Bivens* stem from run-of-the-mill allegations of excessive force during an arrest." *Snowdon*, 72 F.4th at 247. The existence of an excessive force claim is independent of the use or non-use of a warrant.[1] Contrary to the assertion by the Appellees, therefore, the district court *did* "explain why" the warrant in this case did not meaningfully distinguish it from *Bivens*. *See* Brief of Appellees at 33.

The *Snowdon* Court also rejected the argument that the location of the occurrence of excessive force was a "meaningful difference." The *Snowdon* Court concluded that, in an excessive force claim, the factual distinction between a public and private arrest location does not invoke the kind of separation-of-powers concerns sufficient "to create a new

---

[1] Furthermore, the very case relied upon by the Appellee for the proposition that the existence of a warrant is meaningfully distinguishing says otherwise. This Court wrote, in *Quinones-Pimentel*, 85 F.4th at 71, n. 5, "For example, the mere fact of a warrant might not present a new context if the defendant's conduct closely paralleled that from *Bivens*, *Davis*, or *Carlson*." Unlike in *Quinones-Pimentel*, which involved an arguably fraudulently obtained warrant and no excessive force claims at all, both *Bivens* and Mr. Arias' case involved claims of unreasonable force used in arresting a suspect.

*Bivens* context." *Id.* As a matter of public policy, this is correct. If the objective of the latest *Bivens* jurisprudence were to consider *any* factual distinction to be a "new context" then the Supreme Court would not have said, in *Abbasi*, "[s]ome differences, of course, will be so trivial that they will not suffice to create a new *Bivens* context." 137 S. Ct. at 1865.

Finally, no circuit court appears to have held that a failure-to-intervene claim that springs from the same set of facts as an excessive force claim requires dismissal as a "new context" under *Abbasi*. Most courts that have dismissed excessive force and failure to intervene claims have done so due to the novel fact of the rank or nature of the officer defendant, or for other reasons. But when excessive force claims are made against a group of arresting officers, failure to intervene is the flip-side of the primary claim of unreasonable violence. It is not a meaningful difference from the original *Bivens* claim, which articulated excessive force claims against a group of arresting officers, just as Mr. Arias did in this case. At minimum, if a failure to intervene claim is a "new context" under *Bivens*, then the district court order should only be affirmed in part, as to that limited claim. Mr. Arias' central claim for

excessive force remains comfortably within the original framework of *Bivens* and should not have been dismissed.

## CONCLUSION AND REQUEST FOR RELIEF

The Court should reverse the district court's decision for the reasons set forth herein, deny the Defendants' motion for summary judgment, and remand the matter to the district court for proceedings consistent herewith.

Dated: April 15, 2024 By: */s/ Jeremy D. Eggleton, Esq.*

Orr & Reno, P.A.

Attorneys for Appellant,

Robert Arias

P.O. Box 3550
Concord, NH 03302-3550
(603) 223-9122 (ph)
jeggleton@orr-reno.com

## FEDERAL RULE OF APPELLATE PROCEDURE 32 CERTIFICATES OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7) because the brief contains 3,671 words, excluding parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century font.

Dated: April 15, 2024    By:    /s/ *Jeremy D. Eggleton, Esq.*
                                Orr & Reno, P.A.

                                Attorneys for Appellant,

                                Robert Arias

                                P.O. Box 3550
                                Concord, NH 03302-3550
                                (603) 223-9122 (ph)
                                jeggleton@orr-reno.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply Brief of the Appellant has been forwarded, this day, to counsel for the Appellees via the First Circuit Court of Appeals electronic File and Serve system.

                        __/s/ Jeremy D. Eggleton_____

4819567